# TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made effective as of January 27, 2020 (the "Effective Date"), among PARK NATIONAL CORPORATION, VISION PARK PROPERTIES, L.L.C., SE PROPERTY HOLDINGS, L.L.C., individually and as successor in interest to VISION BANK (collectively, "Park National"), on the one hand, and LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A. ("Levin Papantonio"), on the other hand. Park National and Levin Papantonio are collectively referred to herein as the "Parties."

**WHEREAS,** Park National may have certain claims against Levin Papantonio resulting from Levin Papantonio's representation of Park National in connection with the *In re: Deepwater Horizon* litigation (as defined below);

**WHEREAS,** the Parties deem it to be to their mutual benefit to enter into this Agreement in order to defer the commencement of litigation;

**WHEREAS,** the Parties desire that for the period of this Agreement, they should be able to further evaluate and discuss Park National's potential claims, and the possibility of settling disputes, without regard to the time constraints that exist because of the expiration of any applicable statutes of limitations, laches, or any other time-related defense;

**NOW THEREFORE,** in consideration of the mutual agreements set forth herein, and for the other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, by and through their respective counsel, covenant and agree as follows:

1. As used in this Agreement, the following terms shall have the following meanings:



EXHIBIT
11

a. "Claims" shall mean any and all claims and/or causes of action (including counterclaims, setoffs and defenses), if any, known or unknown, that Park National may have against Levin Papantonio arising out of Levin Papantonio's representation of Park National in the *In re: Deepwater Horizon* litigation.

b. "*In re: Deepwater Horizon* litigation" shall mean all events surrounding Levin Papantonio's representation of Park National in *In re: Oil Spill by the Oil Rig "Deepwater Horizaon" in the Gulf of Mexico, on April 20, 2010*, No. 10-MD-2179, MDL 2179 Member Case Number 2:13-cv-02862.

c. "Tolling Period" shall mean the period from and including the Effective Date of this Agreement, January 23, 2020, until ten (10) days after the Expiration Date, as defined below, of this Agreement.

d. "Expiration Date" shall mean sixty (60) days from the date that written notice of termination of this Agreement has been served by either of the Parties in accordance with paragraph 7 of this Agreement.

e. "Timing Defense" shall mean any defense to any Claims that the Parties may have based on (i) any time limitation period imposed by federal or state law or by contract, (ii) laches, or (iii) any other defense that the Claims fail for timing reasons, including but not limited to any defense that a claim fails for failure to assert it promptly or within a reasonable period of time.

2. The Parties stipulate, covenant, and agree that Timing Defenses applicable to the Claims shall be tolled during the Tolling Period, and that all time periods during the Tolling Period shall be excluded in the calculation of and running of any applicable Timing Defenses.

3. Park National agrees not to file a petition or complaint or initiate any lawsuit or

legal proceeding against Levin Papantonio until after the Expiration Date. After the Expiration Date, Park National shall have the right to file and pursue any and all Claims and to seek any and all legal remedies against Levin Papantonio that may be available to Park National.

4. The provisions of this Agreement comprise all of the terms, conditions, agreements, and representations of the Parties respecting the tolling of the Timing Defenses. This Agreement may not be altered or amended except by written agreement executed by the Parties. The Parties agree that the terms of this Agreement have not been changed, modified, or expanded by any oral agreements or representations entered into or made by the Parties prior to or at the execution of this Agreement.

5. The Parties acknowledge that each of them has had the benefit of counsel of their choice and has been offered an opportunity to review this Agreement with chosen counsel. The Parties further acknowledge that they have, individually or through their respective counsel, participated in the preparation of this Agreement, and it is understood that no provision of this Agreement shall be construed against either of the Parties by reason of their having drafted or prepared this Agreement.

6. This Agreement may be executed in one or more original or facsimile counterparts, each of which shall be deemed an original, but also which together will constitute one and the same instrument.

7. Either of the Parties may terminate this Agreement at any time, effective sixty (60) days after the date of serving written notice of termination by letter to the other party. Such notice letter shall be served by email followed by the delivery of an original of the notice letter by United States certified mail, return receipt requested, to the following persons at the following addresses and email addresses:

If to Park National:

Erik Groothuis, Esq.
Schlam Stone & Dolan LLP
26 Broadway, 19th Floor
New York, NY 10004
egroothuis@schlamstone.com

If to Levin Papantonio:

Wesley A. Bowden, Esq.
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
wbowden@levinlaw.com

8. Nothing in this Agreement shall be construed as an admission or denial by any of the Parties as to the merits of any of the Claims against Levin Papantonio or the merits of any of the defenses of Levin Papantonio to any of the Claims.

9. Neither the Parties, nor any of their agents, witnesses, or attorneys may mention or allude to this Agreement in any way in any action or proceeding, except to enforce and/or demonstrate compliance with its terms. This Agreement may not be introduced into evidence or construed as an admission. The terms of this paragraph will survive the termination of this Agreement.

10. Each of the undersigned counsel hereby represents and warrants that he or she is authorized to execute this Tolling Agreement on behalf of the Parties to this Tolling Agreement.

11. This agreement shall be governed by the laws of the State of Florida, without giving effect to rules of conflict of laws.

Dated: January 27, 2020

**SCHLAM STONE & DOLAN LLP**

By: ______________________
Erik Groothuis, Esq.
26 Broadway, 19th Floor
New York, NY 10004
egroothuis@schlamstone.com

*Attorneys for Park National*

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**

By: ______________________
Wesley A. Bowden, Esq.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
wbowden@levinlaw.com

*Attorneys for Levin Papantonio*