**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| Park National Corporation, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:26-cv-965 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| Levin Papantonio Proctor Buchanan O'Brien Barr Mougey, P.A., et al., | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants | : | |

**RULE 26(f) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on October 22, 2026, and was attended by:

Aneca E. Lasley and J. Alexander Steadman, counsel for plaintiffs Park National Corporation, Vision-Park Properties, LLC, and SE Property Holdings, LLC.

David J. Butler and William F. Cash III, counsel for defendants Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey, PA, Brian H. Barr, Brandon Bogle, and Wesley Bowden.

Counsel represent that, during the meeting, they engaged in a meaningful attempt to meet and confer on the matters outlined below.

1. CONSENT TO MAGISTRATE JUDGE

Do the parties consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)?

______Yes __X___No

2. INITIAL DISCLOSURES

Have the parties agreed to make initial disclosures?

__X____Yes No_____ The proceeding is exempt under Rule 26(a)(1)(B)

Such initial disclosures will be made on December 18, 2026.

3. VENUE AND JURISDICTION

Are there any contested issues related to venue or jurisdiction?

______Yes __X___No

4. PARTIES AND PLEADINGS

a. The parties agree that any motion or stipulation to amend the pleadings or to join additional parties shall be filed by November 20, 2026.

b. If the case is a class action, the parties agree that the motion for class certification shall be filed by: ____n/a___

5. MOTIONS

a. Are there any pending motion(s)?

__X__Yes ______No

If yes, indicate which party filed the motion(s), and identify the motion(s) by name and docket number:

Defendants filed a Motion to Dismiss on October 16, 2026 (ECF No. 25), seeking dismissal of the Complaint in full. Plaintiffs' response is due on November 6, 2026. Plaintiffs have proposed an agreed extension of the response date through and including November 20, 2026, with Defendants' reply in support of the Motion to Dismiss being due on December 15, 2026.

b. Are the parties requesting expedited briefing on the pending motion(s)?

_____Yes X No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

6. ISSUES

Jointly provide a brief description of case, including causes of action set forth in the complaint, and indicate whether there is a jury demand:

Plaintiffs Park National Corporation, Vision-Park Properties, LLC, and SE Property Holdings, LLC, as successor by merger with Vision Bank ("Plaintiffs"), assert a single claim for negligent legal malpractice against Defendants Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A., Brian H. Barr, Brandon Bogle, and Wesley Bowden ("Defendants") arising from Defendants' representation of Plaintiffs in litigation concerning the 2010 Deepwater Horizon oil spill. Plaintiffs allege that Defendants failed to submit court-ordered sworn statements concerning damages and causation and failed to respond to a subsequent show cause order, resulting in dismissal of Plaintiffs' underlying claims with prejudice in July 2018, which the Fifth Circuit affirmed in February 2020.

Plaintiffs contend that, absent Defendants' alleged negligence, they would have recovered through litigation or settlement for oil spill-related losses, including loan charge-offs, foreclosed real estate write-downs and expenses, and lost interest. Plaintiffs seek compensatory damages of at least $134,265,000, attorneys' fees and expenses, and other appropriate relief. Plaintiffs maintain that their claim is timely under the parties' January 2020 tolling agreement, which was terminated by notice in June 2026.

Defendants seek dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6). Defendants contend that the individual attorneys were not parties to the tolling agreement and that the claim against them is therefore time-barred. Defendants further contend that, under Ohio law, the absence of a viable malpractice claim against an individual attorney forecloses liability against the law firm. Independently, Defendants argue that Plaintiffs cannot establish that the alleged negligence caused a compensable loss because their underlying claims would not have succeeded, asserting that Plaintiffs' claimed banking losses are too derivative and insufficiently connected to injury to property or natural resources to be recoverable under the Oil Pollution Act.

Plaintiffs demand a trial by jury on all issues so triable.

7. <u>DISCOVERY PROCEDURES</u>

a. Defendants submit that discovery should be stayed in this case pending a ruling on Defendants' Motion To Dismiss on the basis that Plaintiffs' claims are time-barred. Plaintiffs do not agree to such a stay of discovery. Alternatively, if discovery is not stayed, the parties propose that fact discovery shall be completed by October 29, 2027. The parties further propose to structure discovery into two phases : (1) The first phase of discovery shall be limited to first party discovery and the parties will proceed with that discovery immediately; and (2) The second phase of discovery will not proceed until after the Court rules on Defendants' Motion to Dismiss and that phase will open up to include third party discovery. Additionally, Defendants note that third party discovery will be significant in light of Plaintiffs' claimed damages that rely on damages allegedly sustained by Plaintiffs' customers. The full scope of this third party discovery is not known at this time but likely involves hundreds or thousands of third parties. Accordingly, Defendants believe the second phase of discovery will be very significant and could necessitate a change in the fact discovery deadline as determined once more information is known. Defendants propose that the Court schedule a discovery status conference once there has been a decision on the Motion To Dismiss to see if an adjustment to the discovery and other case deadlines is warranted.

The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

b. Do the parties anticipate the production of ESI? __X__ Yes ___ No

If yes, describe the protocol for such production: The parties plan to prepare a standalone protocol for the production of ESI, which they will submit to the Court for consideration

c. Do the parties intend to seek a protective order or claw back agreement? Yes.

Such order or agreement shall be produced to the Court by December 18, 2026.

8. DISPOSITIVE MOTIONS

a. Any dispositive motions shall be filed by March 28, 2028.

b. Are the parties requesting expedited briefing on dispositive motions?

_____Yes X No

If yes, identify the proposed expedited schedule:

Opposition to be filed by__________; Reply brief to be filed by__________.

9. EXPERT TESTIMONY

a. Primary expert reports must be produced December 3, 2027.

b. Rebuttal expert reports must be produced January 7, 2028.

c. Expert discovery will be completed by March 15, 2028

10. SETTLEMENT

Plaintiffs will make a settlement demand by: January 14, 2028. Defendant will respond by January 28, 2028. The parties agree to make a good faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request leave to seek a Court-facilitated settlement conference if the parties reach a point where they believe such a conference would be productive.

In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement conference orders which require, *inter alia*, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

11. RULE 16 PRETRIAL CONFERENCE

Do the parties request a scheduling conference?

__X__Yes, the parties would like a conference with the Court prior to it issuing a scheduling order. The parties request that the conference take place __________ in chambers __X_____by telephone.

_____ No, a conference is not necessary; the Court may issue a scheduling order after considering this Report.

12. OTHER MATTERS

Indicate any other matters for the Court's consideration:

None at this time.

Signatures:


Attorney for Plaintiffs:

*/s/ Aneca E. Lasley by*
*/s/ Logan Householder, per email authorization*
Aneca E. Lasley, Trial Attorney (0072366)
Logan Householder (0103839)
**ICE MILLER LLP**
250 West Street, Suite 700
Columbus, OH 43215
T: (614) 462-1085
F: (614) 462-5135
Aneca.Lasley@icemiller.com
Logan.Householder@icemiller.com

-and-

Richard M. Gaal (*Pro hac vice*)
J. Alexander Steadman (*Pro hac vice*)
**JONES WALKER LLP**
11 N. Water St., Suite 1200
Mobile, AL 36602
T: (251) 432-1414
F: (251) 433-4106
rgaal@joneswalker.com
asteadman@joneswalker.com

Attorney for Defendants:

*/s/ David J. Butler*
(via email authorization 10/22/2026)
David J. Butler (0068455) – Trial Attorney
David C. Roper (0099782)
**TAFT STETTINIUS & HOLLISTER LLP**
41 S. Hight Street, Suite 1800
Columbus, Ohio 43215
T: 614-221-2838
F: 614-221-2007
Email: dbutler@taftlaw.com
droper@taftlaw.com

-and-

William F. Cash III
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGHEY, P.A.**
316 S. Baylen Street #600
Pensacola, Florida 32502
T: 850-435-7059
Email: bcash@levinlaw.com