IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| Park National Corporation, et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:26-cv-965 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A., et al., | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants | : | |

**UNOPPOSED MOTION TO EXTEND DEADLINES TO RESPOND TO MOTION TO DISMISS AND TO AMEND COMPLAINT AS A MATTER OF COURSE**

COME NOW Plaintiffs, Park National Corporation ("Park"), Vision-Park Properties, LLC ("VPP"), and SE Property Holdings, LLC ("SEPH") (collectively, the "Plaintiffs") and respectfully move the Court for entry of an Order extending the following deadlines by fourteen (14) days: (1) the deadline under Local Rule 7.2(a)(2) for Plaintiffs to respond to the Motion to Dismiss filed by Defendants Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr, & Mougey, P.A. ("Levin"); Brian H. Barr ("Barr"); Brandon Bogle ("Bogle"); and Wesley Bowden ("Bowden") (collectively, the "Defendants") (Motion to Dismiss, ECF No. 25); and (2) the deadline for Plaintiffs to amend their Complaint as a matter of course under Rule 15(a)(1). For clarity, the initial deadline to respond to the Motion to Dismiss or amend as a matter of course is November 6, 2026, or twenty-one (21) days after the filing of the Motion to Dismiss. Thus, Plaintiffs request new deadlines of November 20, 2026 to respond to the Motion to Dismiss and/or to amend the Complaint as a matter of course. Defendants do not oppose the relief requested herein but have also requested an extension of the deadline to file a reply in support of the Motion to Dismiss to December 15, 2026, which Plaintiffs do not oppose. The grounds for this Motion

are addressed further in the following Memorandum in Support.

Respectfully submitted,

*/s/ Aneca E. Lasley*
Aneca E. Lasley, Trial Attorney (0072366)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
T: (614) 462-1085
F: (614) 462-5135
Aneca.lasley@icemiller.com

-and-

Richard M. Gaal (*pro hac vice*)
J. Alexander Steadman (*pro hac vice*)
JONES WALKER LLP
11 N. Water St., Suite 1200
Mobile, AL 36602
T: (251) 432-1414
F: (251) 433-4106
rgaal@joneswalker.com
asteadman@joneswalker.com

*Attorneys for Plaintiffs*

**MEMORANDUM IN SUPPORT**

1. On August 11, 2026, Plaintiffs filed their Complaint against Defendants, raising a claim for legal malpractice. (Complaint, ECF No. 1).

2. Pursuant to the Court's Local Rules, counsel for Plaintiffs provided waivers of service to Defendants, which were accepted by Defendants, resulting in Defendants' initial deadline to answer the Complaint or file a motion under Fed. R. Civ. P. 12(b) being set for October 13, 2026. (Waivers of Service, ECF Nos. 12, 13, 14, and 15.)

3. On September 15, 2026, the Court entered a notice of the preliminary pretrial conference setting the conference for October 15, 2026 and ordering that the parties file their Rule 26(f) Report no fewer than seven (7) days prior to the conference. (Notice, ECF No. 17.)

4. Counsel for Defendants contacted counsel for Plaintiffs and requested Plaintiffs' consent to a motion to continue the preliminary pretrial conference to October 29, 2026 (or a later convenient date for the Court) and to grant a corresponding extension for the parties to the submit the Rule 26(f) report so that it would be due seven (7) days before the date of the rescheduled conference. (*See* Defendants' Agreed Motion to Continue, ECF No. 19.) Plaintiffs consented.

5. The Court granted Defendants' Motion by Notation Order on October 8, 2026, resetting the pretrial conference to October 29, 2026 and ordering that the Rule 26(f) Report would be due on October 22, 2026. (Notation Order, ECF No. 20.)

6. On October 8, 2026, due to a hurricane that was set to impact Pensacola, Florida (where Defendants either reside or have their principal place of business), Defendants requested Plaintiffs' consent to an extension of the Defendants' deadline to file answers or Rule 12(b) motions to October 16, 2026. The Plaintiffs consented to this extension, and the Defendants filed a Stipulation to that effect pursuant to local rules. (Stipulation, ECF No. 21.)

7. On October 16, 2026, Defendants filed the Motion to Dismiss. (Motion to Dismiss, ECF No. 25.)

8. On October 22, 2026, the parties held their Rule 26(f) conference and filed the required Rule 26(f) Report. (Rule 26(f) Report, ECF No. 32.) As part of those discussions, given the schedules of counsel for Plaintiffs, Plaintiffs requested that Defendants consent to an extension of their deadline to respond to the Motion to Dismiss by fourteen (14) days from November 6, 2026 to November 20, 2026. (ECF No. 32, PageID.372.) Defendants consented to this request but also requested that their deadline to file a reply in support of their Motion to Dismiss be extended to December 15, 2026, given that the new response deadline would fall right before the week of Thanksgiving. Plaintiffs consented to this extension as well. (*See id.*)

9. Additionally, Plaintiffs and Defendants discussed the deadline for Plaintiffs to amend the Complaint as a matter of course under Rule 15(a)(1), and Defendants consented to an extension of that deadline to November 20, 2026. (*See id.*) Such an extension is logical because any amendment to the Complaint would render the Motion to Dismiss moot. *See Applegarth v. Power Home Solar, LLC*, Case No. 2:24-cv-1309, 2024 U.S. Dist. LEXIS 100905, at *2-3 (S.D. Ohio June 6, 2024) ("As a procedural matter, the filing of an amended complaint renders moot any prior motions to dismiss the now-superseded complaint.") (citing *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021)).

10. In the Rule 26(f) Report, the Defendants also stated their position that any discovery in the action should be stayed pending a ruling on the Motion to Dismiss. (Rule 26(f) Report, ECF No. 32, at PageID.373.) Plaintiffs do not agree to any stay and instead contend that discovery should be structured in two phases, with the first phase beginning immediately but being limited to first party discovery, and with a second phase permitting third party discovery to proceed after

a ruling on the Motion to Dismiss. (*See id.*) Plaintiffs reserve their right to more fully address any proposed stay should Defendants file a motion to stay.

11. On October 26, 2026, the Court entered a Notation Order vacating the preliminary pretrial conference set for October 29, 2026 given Defendants' statement in the Rule 26(f) Report that discovery should be stayed. (Notation Order, ECF No. 33.) The Court ordered Defendants to file a motion to stay within fourteen (14) days of the Notation Order. (*Id.*)

12. Because the preliminary pretrial conference has been vacated, it does not appear that a Scheduling Order will be entered prior to any determination of any motion to stay that may be filed by Defendants. Plaintiffs had anticipated that the agreed upon extensions to the deadlines to amend the Complaint as a matter of course, to respond to the Motion to Dismiss, and to file a reply in support of the Motion to Dismiss would be incorporated into a Scheduling Order entered after the now-vacated preliminary pretrial conference. Because the conference has been vacated, the deadlines referenced above are still set for their current deadlines of November 6, 2026 (for Plaintiffs' response to the Motion to Dismiss and/or amendment as a matter of course) and November 20, 2026 (for Defendants' reply in support of the Motion to Dismiss).

13. Plaintiffs therefore file this separate motion and memorandum in support seeking an Order extending these deadlines. The Defendants have already consented to the requested extensions, contingent on their reply deadline also being extended to December 15, 2026. Plaintiffs have consented to this extension as well.

14. The requested, unopposed extensions are due to be granted given the schedules of Plaintiffs' counsel, and they are unopposed. Likewise, an extension of Defendants' reply deadline is warranted given that the new response and/or amendment deadline will fall just before Thanksgiving week. No parties will be prejudiced by the extension of time, particularly where

Defendants may separately move to stay discovery.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court extend by fourteen (14) days the deadline(s) for Plaintiffs to file a response to the Motion to Dismiss and/or to amend their Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1), so that these deadlines will now fall on November 20, 2026. Furthermore, based on the agreement of the parties, Plaintiffs also request that the Court order that Defendants' reply in support of the motion to dismiss will be due on December 15, 2026.

Respectfully submitted,

*/s/ Aneca E. Lasley*
Aneca E. Lasley, Trial Attorney (0072366)
Logan Householder (0103839)
ICE MILLER LLP
250 West Street, Suite 700
Columbus, OH 43215
T: (614) 462-1085
F: (614) 462-5135
Aneca.lasley@icemiller.com

-and-

Richard M. Gaal (*pro hac vice*)
J. Alexander Steadman (*pro hac vice*)
JONES WALKER LLP
11 N. Water St., Suite 1200
Mobile, AL 36602
T: (251) 432-1414
F: (251) 433-4106
rgaal@joneswalker.com
asteadman@joneswalker.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on October 29, 2026, the foregoing was filed electronically through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

*/s/ Aneca E. Lasley*
Aneca E. Lasley